McGREGOR W. SCOTT
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:19-MC-00070-GEB-CKD |
| Plaintiff, | |
| v. | CONSENT JUDGMENT OF FORFEITURE |
| APPROXIMATELY $6,855.00 IN U.S. CURRENCY, and | |
| APPROXIMATELY $1,006.00 IN U.S. CURRENCY, | |
| Defendants. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On or about November 7, 2018, agents with the Federal Bureau of Investigation ("FBI") executed a federal arrest warrant for Johnnie Earl Ross ("Ross" or "claimant") at 2180 East Mariposa Road, Stockton, California, while he was attempting to sell narcotics to a confidential source. At the time of his arrest, Approximately $1,006.00 in U.S. Currency was seized from him, the defendant $1,006.00 in U.S. Currency. FBI agents then searched Ross' residence located at 2419 Montclair Street, Stockton, California. Agents seized Approximately $6,855.00 in U.S. Currency from the residence (hereafter collectively the "defendant currency").

2. FBI commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others. On or about January 31, 2019, FBI

1

received a claim from Ross asserting an ownership interest in the defendant currency.

3. Claimants Ross and Lakish Ross ("claimant") do not contest the United States' representation that it could show at a forfeiture trial the following: In May 2018, the FBI and the Stockton Police Department began investigating Ross, based on suspicion that Ross was trafficking narcotics in San Joaquin County, California. During the investigation, law enforcement purchased cocaine base and methamphetamine from Ross through a confidential source ("CS") on five occasions, and attempted to purchase methamphetamine on a sixth. At the time of his arrest on November 7, 2018, Ross possessed approximately one pound of heroin that he intended to distribute to the CS.

4. On November 14, 2018, an Information was filed in the Eastern District of California charging Johnnie Earl Ross with Distribution of Cocaine Base in violation of 21 U.S.C. § 841(a)(1) and Distribution of Methamphetamine in violation of 21 U.S.C. § 841(a)(1) in <u>United States v. Johnnie Earl Ross</u>, 2:18-CR-00229-GEB. The United States and Ross entered into a plea agreement wherein he pled guilty to both counts in the Information charging him with Distribution of Cocaine Base and Distribution of Methamphetamine in violation of 21 U.S.C. § 841(a)(1).

5. Claimants do not dispute the United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

6. Without admitting the truth of the factual assertions contained above, claimants specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, claimants agree that an adequate factual basis exists to support forfeiture of the defendant currency. Claimants acknowledged that they are the sole owners of the defendant currency, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, claimants shall hold harmless and indemnify the United States, as set forth below.

7. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

8. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

9. The parties herein desire to settle this matter pursuant to the terms of a duly executed

2

Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

2. Upon entry of this Consent Judgment of Forfeiture, $2,924.00 of the Approximately $6,855.00 in U.S. Currency and the Approximately $1,006.00 in U.S. Currency, together with any interest that may have accrued on the total amounts seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

3. Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, $3,931.00 of the Approximately $6,855.00 in U.S. Currency shall be returned to claimants Johnnie Earl Ross and Lakish Ross.

4. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed. Claimants waived the provisions of California Civil Code § 1542.

5. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

6. All parties will bear their own costs and attorney's fees.

7. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

IT IS SO ORDERED.
Dated: December 12, 2019

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge